IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSE DAVIDA, Individually and on Behalf of Others Similarly Situated, | § § § § § § § § § § § § | Civil Action No. 5:14-cv-552-HJB |
| Plaintiffs, | | |
| v. | | |
| NEWPARK DRILLING FLUIDS LLC, | | |
| Defendant. | | |

**DEFENDANT NEWPARK DRILLING FLUIDS LLC'S REPLY TO ITS EMERGENCY MOTION AND REQUEST TO GRANT THE MOTION ON AN EMERGENCY BASIS IN LIGHT OF PLAINTIFF'S FAILURE TO FILE ANY OPPOSITION WITHIN THE APPLICABLE TIME LIMIT**

### I.   INTRODUCTION

Last Tuesday, February 10, 2015, Defendant Newpark Drilling Fluids LLC ("Defendant" or "Newpark") filed an Emergency Motion to Proceed With Reductions in Force of Employees, Which Include Putative Class Members ("Emergency Motion").  (Dkt. 50.)  Pursuant to Local Rule 7(E)(2), Plaintiff's opposition was due yesterday, February 17, 2015.  Because Plaintiff failed to file an opposition within the 7-day timeframe prescribed by Local Rule 7(E)(2), the Court may grant Newpark's Emergency Motion as unopposed and Newpark respectfully requests that the Court does so.

### II.   STATEMENT OF RELEVANT FACTS

Newpark filed its Emergency Motion last week seeking expedited relief regarding Newpark's reduction in force ("RIF") layoffs that are necessitated by the state of the industry. The emergency relief was requested so that Newpark's business could progress without pro-

longed interference by Plaintiff and with the approval of the Court.  On Friday, February 13, 2015, Newpark's counsel called the Court to inquire about the status of its Emergency Motion.  The Court explained that it had received the Emergency Motion and was waiting to see if Plaintiff was going to file a response, and that it had somewhat expected that the response would have been filed on an emergency basis.  Newpark's counsel relayed this information to Plaintiff's counsel the same day and mentioned that Plaintiff's opposition was due no later than Tuesday February 17, 2015 under the local rules—that, in other words, February 17 was the outermost deadline for any opposition if Plaintiff refused to file one on a more expedited basis[1].  Despite this, Plaintiff has not filed any Opposition to Defendant's Emergency Motion,  as of the time of this filing.

Moreover, Plaintiff did not make any proposal to Newpark about how to modify the severance release and notice to Fluid Service Technicians ("FST") until Monday, February 16 – nearly one week after Newpark filed its Emergency Motion, but, more significantly, *nearly two weeks* after Newpark sent Plaintiff the original release and FST notice on February 4 and expressed an interest in reaching an agreement regarding how to proceed.[2]  Newpark reviewed

---

[1] In some circumstances, Federal Rule of Civil Procedure ("FRCP") 6(d) adds three days to a deadline.  FRCP 6(d) states:  "ADDITIONAL TIME AFTER CERTAIN KINDS OF SERVICE. ***When a party may or must act within a specified time <u>after service</u>*** and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  (emphasis added).  Local Rule 7(E)(2) governs motion response deadlines and provides, in relevant part, that: "[a] response to a nondispositive motion shall be filed not later than 7 days ***<u>after the filing</u> of the motion***."  (Emphasis added.)  Thus, FRCP 6(d) does apply here because the deadline under Local Rule 7(E)(2) is keyed off of the ***filing*** of the motion, not the ***service*** of the motion, and so FRCP 6(d) does ***not*** extend Plaintiff's deadline by three days.  Accordingly, Plaintiff's response was due 7 days after the filing of Newpark's Emergency Motion on February 10, which was February 17.

[2] Indeed, between February 4 and today, Newpark has offered *three different modifications* in an effort to reach agreement with Plaintiff's counsel, to no avail.  Throughout the course of meet and confer discussions, Newpark has repeated the importance of being able to timely proceed with RIF layoffs for business reasons completely separate and apart from this lawsuit, and has

Plaintiff's proposal and responded mid-day the next day, on February 17, with a counter proposal that accepted a large portion of Plaintiff's demands.  Newpark expressed that it was making concessions to the documents that it would not otherwise make to compromise and resolve this issue by February 17 so that a Joint Proposal could be submitted to the Court that for approval that day.  Newpark specifically noted that if Newpark's counterproposal offer was not accepted by February 17, it reserved the right seek approval of the original documents submitted to the Court for approval with its Emergency Motion.  Plaintiff did not respond to Newpark's proposed compromise on February 17, but rather waited until after its deadline to oppose Newpark's Emergency Motion, and responded with an unacceptable and untimely counter proposal on February 18.

The nature of the relief that Newpark seeks from the Court continues to be urgent because rigs are still being shut down each day and layoffs need to continue.  Newpark has now stalled planned layoffs for almost two weeks, resulting in a limbo situation for FSTs who were intended to be laid off two weeks ago and also for FSTs who received Newpark's original severance package because Newpark is waiting for Court approval to substitute new documents into their packages, which is causing a delay in their severance pay.

**III.    CONCLUSION**

Plaintiff has not filed any opposition to Newpark's Emergency Motion and has repeatedly delayed any resolution of this issue.  The emergency nature of the Newpark's requested relief still exists because it must proceed with layoffs that it has already delayed for weeks now.  Thus,

---

made clear Newpark was delaying its business operations of carrying out certain RIF layoffs while attempting to resolve any concern by Plaintiff. Despite its efforts, Newpark has faced nothing but pushback, delay, and inappropriate correspondence from opposing counsel. See Docket No. 50-3 (Exhibit B).  Such gamesmanship should not be permitted to continue to impact Newpark's business.

Newpark respectfully requests that the Court grant Newpark's Emergency Motion and approve the severance release agreement and FST notice that Newpark submitted as Exhibit D to the Declaration of Joan Fife filed in support of its Emergency Motion on February 10, 2015.  (Dkt. 50-5.)


Dated: February 18, 2015                        Respectfully submitted,

                                                WINSTON & STRAWN LLP

                                                By:   */s/ Joan B. Tucker Fife*
                                                      Joan B. Tucker Fife (admitted *pro hac vice*)
                                                      jfife@winston.com
                                                      Winston & Strawn LLP
                                                      101 California Street
                                                      San Francisco, California 94111
                                                      Telephone: (415) 591-1000
                                                      Facsimile:  (415) 591-1400


                                              **ATTORNEYS FOR DEFENDANT**
                                              **NEWPARK DRILLING FLUIDS LLC**

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of February, 2015, a correct copy of the foregoing **DEFENDANT NEWPARK DRILLING FLUIDS LLC'S REPLY TO ITS EMERGENCY MOTION AND REQUEST TO GRANT THE MOTION ON AN EMERGENCY BASIS IN LIGHT OF PLAINTIFF'S FAILURE TO FILE ANY OPPOSITION WITHIN THE APPLICABLE TIME** was filed with the Court via the CM/ECF.  I further certify that a copy of same was forwarded to the following non CM/ECF users:

*Via Certified Mail R.R.R and Regular Mail*

\_\_\_\_
\_\_\_\_
\_\_\_\_

 */s/ Joan B. Tucker Fife*
Joan B. Tucker Fife